UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10775-GAO

YOLANDA WILKERSON, Individually and on Behalf of Minors, SW, DW, NW, JA and JA
Plaintiffs,

v.

MCDONALD'S CORPORATION and HOGANS OF NEWBURYPORT
Defendants.

OPINION AND ORDER
July 29, 2013

O'TOOLE, D.J.

This case arises out of an unfortunate incident between the plaintiffs and employees of a McDonald's restaurant in Braintree, Massachusetts. Defendant, Hogans of Newburyport is the owner of the McDonald's franchise at issue, and defendant, McDonald's Corporation is the franchisor. McDonald's Corporation has moved (dkt. no. 16) for summary judgment.

McDonald's chief argument is that it cannot be held vicariously liable for the actions of its franchisee's employees because an agency relationship did not exist. Whether an agency relationship existed is a factual determination based on the level of control exerted by the franchisor, and courts have come to different conclusions as to McDonald's in particular. Compare McLaughlin v. McDonald's Corp, 2001 U.S. Dist. LEXIS 23222 at *27-28 (D. Mass. Nov. 29, 2001) (granting summary judgment based on lack of control by McDonald's) with Butler v. McDonald's Corp., 110 F. Supp. 2d 62, 68 (D.R.I. 2000) (denying summary judgment because reasonable jury could find agency relationship existed). The findings in McLaughlin and Butler, and other cases dealing with this issue depend upon the actual control exercised or not by the franchisor. The only evidence currently before the court is the franchise agreement, in which

McDonald's disclaims any agency relationship. The plaintiffs argue, and I agree, that more discovery is necessary before summary judgment can be properly decided.

Therefore, McDonald's Motion (dkt. no. 16) For Summary Judgment is DENIED without prejudice.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge